**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| TERRY NEWBORN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | Civil No. 14-cv-1120 (KBJ) |
| | ) | |
| NATIONAL GOVERNMENT SERVICES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pro se plaintiff Terry Newborn ("Plaintiff") filed the instant complaint in the

Small Claims and Conciliation Branch of the Superior Court of the District of Columbia

on June 10, 2014, naming National Government Services Inc. ("NGS") as defendant.

Plaintiff asserts that he had a contract with "Medicare NGS" and that NGS improperly

denied certain claims he submitted to it.  On July 1, 2014, NGS, through counsel at the

United States Attorney's Office ("USAO"), removed the complaint to this Court

pursuant to the Federal Officer Removal Statute, 28 U.S.C. §§ 1442(a)(1), asserting

that, "[t]he Plaintiff's action is against the National Government Services Inc., a

Medicare contractor for the Department of Health and Human Services, an agency of

the United States and the proper Defendant in this case." (Notice of Removal, ECF No.

1, at 2.)  In the notice of removal, the USAO also asserts that "the United States should

be substituted at the proper Defendant in this case."  (*Id.* at 2 n.1.)

Thereafter, this Court ordered NGS to show cause why this case should not be

remanded to Superior Court because the notice of removal failed to provide sufficient

information about the relationship between NGS and the federal government for this Court to determine if NGS properly removed the complaint pursuant to the Federal Officer Removal Statute. (Order to Show Cause, ECF No. 2, at 2-3.) On July 30, 2014, NGS filed its response explaining that "the Department of Health and Human Services ('HHS') is the real party of interest in this matter and the Secretary of HHS is the only proper Defendant to this action[,]" and requesting that the Secretary of HHS be substituted as the defendant in this matter. (Def.'s Show Cause Resp. & Mot. to Substitute Secretary as the Def., ECF No. 8, at 1.) Thereafter, on August 7, 2014, USAO moved to dismiss Plaintiff's complaint for lack of jurisdiction and for failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 9.)

This Court advised Plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to these motions, and specifically warned Plaintiff that, if he did not respond to the motions by October 31, 2014, the Court would treat the motions as conceded. (Order, ECF No. 11.)[1] To date, Plaintiff has not filed an opposition to either motion, nor has he requested more time to file any opposition. Therefore, the Court will grant the motions as conceded, will substitute Sylvia M. Burwell (Secretary of HHS) for NGS as the defendant, and will **DISMISS** this action. An Order accompanies this Memorandum Opinion.

Date: January 27, 2015

*Ketanji Brown Jackson*

KETANJI BROWN JACKSON
United States District Judge

---

[1] The Court clerk mailed the order to the plaintiff at the last known address on file. Under Local Civil Rule 5.19(c)(1), litigants are required to advise the Court of any change of address.